1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGUS MACINTYRE, | ) | No. C 12-3421 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTIONS TO |
| | ) | STAY PETITION; INSTRUCTIONS |
| v. | ) | TO THE CLERK |
| | ) | |
| P.D. BRAZELTON, | ) | (Docket Nos. 5, 6, 8) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Following an initial review of the petition, the Court found that Petitioner presented two cognizable claims, and ordered Respondent to show cause why the petition should not be granted. Petitioner has now filed motions to stay the proceedings so that he may exhaust new issues in state court.

A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In *Rhines*, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state

1   court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the

2   petitioner.  *Id.*

3       The instant case is distinguishable from *Rhines*, however, in that Petitioner has not filed a

4   mixed petition; rather, it appears that he has filed a fully-exhausted petition and now asks for a

5   stay while he returns to state court to exhaust unexhausted claims.  In *King v. Ryan*, 564 F.3d

6   1133 (9th Cir. 2009), the Ninth Circuit clarified that the procedure for granting a stay under such

7   circumstances is different from the procedure employed where a petitioner seeks to stay a mixed

8   petition.  Specifically, where a petitioner seeks a stay of a fully-exhausted petition while he

9   returns to state court to exhaust unexhausted claims, no showing of good cause is required to

10  stay the petition.  *Id.* at 1140.  Thereafter, however, the newly exhausted claims can be added to

11  the original petition by amendment only if the claims are timely under the one-year statute of

12  limitations set forth at 28 U.S.C. § 2244(d)(1).  *Id.* at 1140-41.  If the newly exhausted claims are

13  not timely filed in accordance with said statute, they can be added to the original petition by

14  amendment only if they "relate back" to the claims in the original petition that were fully

15  exhausted at the time of filing.  *Id.* at 1142-43 (citing *Mayle v. Felix*, 545 U.S. 644, 659 (2005));

16  Fed. R. Civ. P. 15(c).

17      Here, as noted, Petitioner has filed a fully exhausted petition and requests a stay until the

18  new claims he wishes to raise are exhausted, and he is able to amend the instant petition to add

19  those claims.  Under such circumstances, the Court may grant a stay without a showing of good

20  cause.  *See King*, 564 F.3d at 1140.  Although the Court has reservations about the eventual

21  timeliness of Petitioner's new claims, and whether they would "relate back" to the original

22  petition, the Court finds that the most prudent decision is to wait to address these issues after

23  Petitioner exhausts his state remedies and moves to amend his petition with the newly exhausted

24  claims.

25      Accordingly, the Petitioner's motions to stay are GRANTED.  If Petitioner wishes to

26  have this Court consider his additional claims, he must properly present these claims to the state

27  courts.  **Once the California Supreme Court has issued a decision on Petitioner's additional**

28  **claims, and if he does not obtain relief in state court, Petitioner shall promptly notify this**

1   **Court within thirty days of the California Supreme Court's decision by filing a "Motion to**

2   **Reopen Action," along with an AMENDED PETITION stating all the claims, including the**

3   **newly exhausted claims, that he wishes to present to this Court.  The Amended Petition**

4   **shall have the caption, "AMENDED PETITION" and the case number C 12-3421 LHK.**

5   **Failure to comply with these deadlines may result in dismissal of this action.**

6          The Clerk shall administratively close the file pending the stay of this action.  This has no

7   legal effect; it is purely a statistical procedure.  When Petitioner informs the Court that he has

8   exhausted his additional claims as set forth above, the case will be administratively re-opened.

9   All pending motions are DENIED without prejudice to renewal once the case has been re-

10  opened.

11         IT IS SO ORDERED.

12  DATED:  ___1/7/13_____

    LUCY H. KOH
13  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motions to Stay Petition; Instruction to the Clerk
G:\PRO-SE\SJ.LHK\HC.12\McIntyre421stay.wpd     3